1   **BRYAN CAVE LLP**
    Robert E. Boone III, California Bar No. 132780
2   Andrea M. Hicks, California Bar No. 219836
    Mary F. Mock, California Bar No. 249379
3   Two Embarcadero Center, Suite 1410
    San Francisco, CA 94111-3907
4   Telephone:     (415) 675-3400
    Facsimile:     (415) 675-3434
5   Email:         reboone@bryancave.com
                   andrea.hicks@bryancave.com
6                  mockm@bryancave.com

7   Attorneys for Defendants
    BANK OF AMERICA, N.A., for itself and as successor by merger to BAC HOME LOANS
8   SERVICING, LP

9

10                    **UNITED STATES DISTRICT COURT**

11                   **NORTHERN DISTRICT OF CALIFORNIA**

12  FAIYAZ KHAN and REHANA A. KHAN,          Case No. **CV 11  3853**

13              Plaintiff,
                                             **NOTICE OF REMOVAL OF CIVIL**
14         v.                                **ACTION PURSUANT TO 28 U.S.C. §**
                                             **1441(b)**
15  BANK OF AMERICA, N.A., BAC HOME
    LOANS SERVICING, L.P., and DOES 1-10,    (Contra Costa County Superior Court Case
16                                           No. C11-01340)
                Defendants.
17                                           **[DIVERSITY]**

18

19          **TO PLAINTIFFS FAIYAZ KHAN and REHANA A. KHAN, THEIR ATTORNEY**

20  **OF RECORD, AND THE CLERK OF THE ABOVE-ENTITLED COURT:**

21          PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332, 1441 and 1446,

22  Defendant BANK OF AMERICA, N.A., for itself and as successor by merger to BAC HOME

23  LOANS SERVICING, LP ("Removing Defendant") hereby removes the above-referenced action

24  filed by Plaintiffs Faiyaz Khan and Rehana A. Khan ("Plaintiffs"), from the Superior Court of the

25  State of California, County of Contra Costa, to the United States District Court for the Northern

26  District of California, and in support of this removal state as follows:

27                          **PROCEDURAL HISTORY**

28          1.      On or about June 7, 2011, Plaintiffs filed a Complaint in the Superior Court of the

SF01DOCS\39766.2



NOTICE OF REMOVAL OF CIVIL ACTION

1   State of California, County of Contra Costa entitled *Faiyaz Khan and Rehana A. Khan v. Bank of*

2   *America, N.A., et al.*, Contra Costa County Case No. C11-01340.  The Complaint asserts a total of

3   three causes of action against Defendant labeled, *inter alia*, (1) Breach of Contract/Specific

4   Performance; (2) Injunction; (3) Slander of Title.  A true and correct copy of the Complaint is

5   attached as Exhibit "1."

6          2.     On or about July 5, 2011, Plaintiffs filed a First Amended Complaint.  Removing

7   Defendant was served with the First Amended Complaint by process server and receipt on July 6,

8   2011.  A true and correct copy of the Summons and First Amended Complaint is attached as

9   Exhibit "2."

10                          **TIMELINESS OF REMOVAL**

11         3.     Removing Defendant was served with the First Amended Complaint on July 6,

12   2011.

13         4.     This Notice of Removal is being filed on August 5, 2011 and is timely under 28

14   U.S.C. § 1446(b).

15                      **BASIS FOR REMOVAL JURISDICTION**

16         5.     This action is a civil action of which this Court has original jurisdiction over the

17   State Court Action under 28 U.S.C. § 1332, and the State Court action may be removed to this

18   Court pursuant to the provisions of 28 U.S.C. § 1441(b) because Plaintiffs and Removing

19   Defendant are citizens of different states and the amount in controversy exceeds the sum of

20   $75,000.00,  exclusive of interests and costs.

21         6.     At the time this action was commenced Removing Defendant was and is now, a

22   national banking association that, according to its Articles of Association, has its principal place

23   of business in North Carolina.  As such, it is a citizen of North Carolina.

24         7.     At the time this action was commenced Plaintiffs Faiyaz Khan and Rehana A.

25   Khan were and are now, citizens of California.

26         8.     Thus, Plaintiff and Removing Defendant are citizens of different states for the

27   purpose of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

28         9.     "The amount in controversy for jurisdictional purposes is determined by the

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

1  amount of damages or the value of the property that is the subject of the action." *Meisel v. Allstate*

2  *Indem. Co.*, 357 F.Supp.2d 1222, 1225 (E.D. Cal. 2005). "In determining the amount in

3  controversy, a court may consider compensatory and punitive damages as well as attorney fees,

4  but may not consider interest and costs of suit." *Id.*

5      10.    Plaintiffs allege that Defendant breached a loan modification agreement, under

6  which Plaintiffs would have been able to make mortgage payments and keep their title to the

7  home. (FAC, ¶ 4, 6, Prayer). Plaintiffs seek the restoration of the property to their names and to

8  reinstate the alleged loan modification agreement. (FAC, Prayer). Plaintiffs allege that the home

9  they seek to have restored to them is a home that supported a loan that was allegedly modified to

10 the amount of $106,499.96. (FAC, Ex. A.). Plaintiffs allege they have lost the rights and benefits

11 that go along with a person's ownership of a home, such as loss of rental income. (FAC, ¶ 13).

12 Plaintiffs seek damages equal to the "pecuniary loss arising from defendants' filing of the Notice

13 of Default and Notice of Trustee's Sale, including loss of rent and Plaintiffs' attorneys' fees."

14 (FAC, Prayer). Plaintiffs also seek to set aside the Trustee's Sale, void the Trustee's Deed, to

15 rescind the Notice of Default and Notice of Trustee's Sale, and specific performance of the alleged

16 loan modification agreement. *Id.* Plaintiffs also seek punitive damages. *Id.* Plaintiffs did not file

17 this action as a limited civil action in California Superior Court. Accordingly, the amount in

18 controversy exceeds $75,000.

19                           **PROCEDURES FOR REMOVAL**

20     11.    Exhibits 1 and 2 constitute all process, pleadings, and orders received and

21 obtained by Defendant in the State Court Action. 28 U.S.C. § 1446(a).

22     12.    Pursuant to 28 U.S.C. § 1446(d), Removing Defendant is filing a copy of this

23 Notice of Removal with the Superior Court of the State of California for the County of Contra

24 Costa, and is serving a copy of the same upon counsel for Plaintiffs.

25                             **NOTICE TO STATE COURT**

26     13.    A copy of this Notice of Removal is being filed with the Clerk of the Superior

27 Court for the County of Contra Costa as an exhibit to the Notice of Defendant's Filing of Notice to

28 Adverse Parties and State Court of Removal of Civil Action to Federal Court being filed in that

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

1  court. A copy of the Notice of Removal being filed in state court is attached hereto (without

2  exhibits) as Exhibit "3."

3  ## INTRADISTRICT ASSIGNMENT

4       14.    Pursuant to Local Rules 3-2(c) and (d), the San Francisco/Oakland division of the

5  Northern District of California has jurisdiction over this Action, because this Action arises in the

6  County of Contra Costa and is being removed from the Superior Court for the County of Contra

7  Costa.

8       WHEREFORE, Removing Defendant hereby gives notice that the above action now

9  pending in the Superior Court of the State of California for the County of Contra Costa is removed

10  in its entirety to this Court.

11

12  Dated: August 5, 2011                          **BRYAN CAVE LLP**
                                                  Robert E. Boone III
13                                                Andrea M. Hicks
                                                  Mary F. Mock
14

15                                                By:  _____

16                                                     Mary F. Mock
                                                  Attorneys for Defendant
17                                                BANK OF AMERICA, N.A., for itself and as
                                                  successor by merger to BAC HOME LOANS
18                                                SERVICING, LP

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

**Exhibit 1**

1    JOSHUA G. GENSER, State Bar No. 111526
Genser & Watkins, LLP
2    125 Park Place, Suite 210      **SUMMONS ISSUED**
Point Richmond, CA 94801
3    Telephone: (510) 237-6916
Facsimile: (510) 236-9851
4                   PER LOCAL RULES 5 THIS
                       CASE IS ASSIGNED TO
5    Attorney for Plaintiff Faiyaz Khan    DEPT. _____

6

7               **SUPERIOR COURT OF CALIFORNIA**

8                  **CONTRA COSTA COUNTY**

9

10   FAIYAZ KHAN and REHANA A.        Case No.    **C 1 1 - 0 1 3 4 0**
KHAN,

11                Plaintiff,      **COMPLAINT**

12           v.

13   BANK OF AMERICA, N.A.,
BAC HOME LOANS SERVICING, L.P.,
14   RECONTRUST COMPANY, N.A.
and DOES 1 through 10.
15

16               Defendants.

17

18       1.     Plaintiffs Faiyaz Khan and Rehana A. Khan are the owners of real property, a single-

19   family residence, located at 1501 Nob Hill Avenue in Pinole, Contra Costa County, California,

20   Assessor's Parcel Number 402-090-005 ("the Property").

21       2.     Defendant Bank of America, National Association ("Bank of America"), is a

22   corporation qualified to do business in California. Bank of America is the Beneficiary of a Deed of

23   Trust on the Property securing a loan from Bank of America to Plaintiffs.

24       3.     Defendant Recontrust Company, N.A. ("Recontrust"), is a business entity of unknown

25   form with its principal place of business in Simi Valley, California. Plaintiffs are informed and believe

26   that Recontrust is an affiliate or subsidiary of Bank of America. Recontrust became the Trustee of the

27   Deed of Trust of which Bank of America is the Beneficiary by virtue of a Substitution of Trustee

28   executed on September 21, 2010, and recorded September 23, 2010.

**COMPLAINT**                      -1-

FILED

2011 JUN -7 A 11: 49

K. TORRE, CLERK OF THE SUPERIOR COURT
COURT OF CONTRA COSTA, CALIF.

BY: _____ Deputy Clerk

4.    Defendant BAC Home Loans Servicing, L.P. ("BAC"), is a Texas limited partnership qualified to do business in California. Plaintiffs are informed and believe that BAC is an affiliate or subsidiary of Bank of America, to which Bank of America has delegated responsibility for servicing Plaintiff's loan.

5.    The identities of Defendants Does 1 through 10 are unknown to Plaintiffs, but they are partners, affiliates, agents, principals or subsidiaries of the named defendants or they are otherwise jointly, severally or jointly and severally liable with the named defendants for plaintiffs' damages.

6.    On September 15, 2009, Bank of America made a written offer to Plaintiffs to enter into an agreement whereby the loan secured by the Deed of Trust would be modified. Plaintiffs accepted that offer, thus creating a contract binding on both parties. A copy of Bank of America's offer and Plaintiffs' acceptance is attached as Exhibit A and incorporated herein.

7.    Plaintiffs, for approximately one year following the execution of the loan modification agreement, sent to Bank of America the payments called for in the loan modification agreement, and Bank of America accepted those payments without protest.

8.    On September 17, 2010, a Notice of Default was recorded by Recontrust Company, four days before the Substitution of Trustee by which it became Trustee was executed, and six days before that Substitution of Trustee was recorded. That Notice of Default was based on the difference between the payments Plaintiffs had been sending to Bank of America and the amount of the monthly payments that had been due prior to the loan modification.

9.    On November 3, 2010, Plaintiffs' counsel sent written notice to all three named defendants that the Notice of Default was in breach of the loan modification agreement and that the Notice of Default was void *ab initio* because it was recorded by Recontrust before Recontrust was the Trustee. No response was received to that letter.

10.    Plaintiffs' counsel, on December 14, 2010, wrote to the CEO and the General Counsel of Bank of America, which, on December 23, 2010, prompted a telephone call to Plaintiffs' counsel from Bank of America's office of Customer Relations Advocacy, followed by a letter dated January 7, 2011, promising an investigation. On January 20, 2011, Bank of America sent a letter to Plaintiffs' counsel taking the position that the loan modification agreement was void because the notary's

**COMPLAINT**                                   -2-

1  acknowledgment of Plaintiff's signature was dated the day after the Plaintiff affixed his signature.

2      11.    On January 28, 2011, Plaintiffs' counsel responded with a letter pointing out that there

3  was no requirement that the notary actually witness the act of affixing the signature, only that the signer

4  acknowledge to the notary that the signature is genuine. No response was received to that letter.

5      12.    On April 8, 2011, Bank of America sent a proposal for a loan modification directly to

6  Plaintiffs, the terms of which were substantially less favorable than the already executed loan

7  modification agreement from 2009. Plaintiffs rejected that offer.

8  ## FIRST CAUSE OF ACTION

9  ### Breach of Contract/Specific Performance against Bank of America

10      13.    Paragraphs 1 through 12, above, are incorporated here as though set forth in full.

11      14.    Plaintiffs have performed all obligations under the 2009 loan modification agreement

12  except that some monthly payments tendered by Plaintiffs have been rejected by defendants, and

13  Plaintiffs are ready, willing and able to make all monthly payments that have been rejected by

14  defendants.

15      15.    Plaintiffs cannot be adequately compensated in damages for Bank of America's breach

16  of contract because the real property is unique and because the terms similar to those of the loan

17  modification agreement will be impossible to obtain in the market for residential real property.

18      16.    The underlying Promissory Note and Deed of Trust contain provisions for an award of

19  attorneys' fees to a prevailing party in an action thereon, and those provisions were not modified by the

20  loan modification agreement.

21      WHEREFORE, Plaintiffs request judgment as set forth below.

22  ## SECOND CAUSE OF ACTION

23  ### Injunction against all Defendants

24      17.    Paragraphs 1 through 15, above, are incorporated here as though set forth in full.

25      18.    Plaintiffs are informed and believe that defendants believe they have a valid Notice of

26  Trustee's Sale on file and that the Trustee's Sale date has been postponed to an unknown date and that,

27  unless restrained, will proceed with a Trustee's Sale which will deprive Plaintiffs of their property

28  improperly.

**COMPLAINT**      -3-

WHEREFORE, Plaintiffs request judgment as set forth below.

## THIRD CAUSE OF ACTION

### Slander of Title against all defendants

19.     Paragraphs 1 through 15, above, are incorporated here as though set forth in full.

20.     The filing of the void Notice of Default by a person who was not, then, Trustee of the deed of Trust, and the refusal to rescind the Notice of Default and the Notice of Trustee's Sale in light of defendants' actual knowledge that the Notice of Default was void *ab initio* and that Plaintiffs were not actually in default at the time it was filed are acts constituting disparagement of title and slander of title, and were committed with reckless disregard for the truth, maliciously, fraudulently and for the purpose of oppressing Plaintiffs.

WHEREFORE, plaintiffs seek judgment as follows:

1.     For specific performance of the 2009 loan modification agreement, ordering that defendants accept performance thereunder by Plaintiffs as full satisfaction of their obligations to repay the loan;

2.     For temporary and permanent injunctions restraining the pending foreclosure of the Property based on anything other than Plaintiffs' failure to comply with the 2009 loan modification agreement and requiring defendants to rescind the Notice of Default and Notice of Trustee's Sale;

3.     For damages equal to the pecuniary loss by Plaintiffs arising from defendants' filing of the Notice of Default and Notice of Trustee's Sale, including Plaintiffs' attorneys' fees;

4.     For exemplary damages;

5.     For attorneys' fees under the contract;

6.     For costs; and

7.     For such other relief as may be appropriate.

Dated:  May 18, 2011

Joshua Genser
Attorney for Plaintiff

**COMPLAINT**                                    -4-

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF Contra Costa

I have read the foregoing __Complaint__

and know its contents.

### ☐ CHECK APPLICABLE PARAGRAPHS

[X]   I am a party to this action.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[☐]   I am [☐] an Officer [☐] a partner _____ [☐] a _____ of _____
a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. [☐]   I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. [☐]   The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[☐]   I am one of the attorneys for _____
a party to this action.  Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason.  I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on __5/31/11__ , at __El Sobrante__ , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

__Faiyaz Khan__
Type or Print Name                                    Signature

### PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF _____

I am employed in the county of _____ , State of California.

I am over the age of 18 and not a party to the within action; my business address is: _____

On, _____ I served the foregoing document described as _____

_____ on _____ in this action

[☐] by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
[☐] by placing [☐] the original [☐] a true copy thereof enclosed in sealed envelopes addressed as follows:

[☐] **BY MAIL**
[☐] *I deposited such envelope in the mail at _____ , California.
The envelope was mailed with postage thereon fully prepaid.
[☐] As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
Executed on _____ , at _____ , California.
[☐] **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.
Executed on _____ , at _____ , California.
[☐] (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
[☐] (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____                                    _____
Type or Print Name                                    Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions
Plus                Rev. 7/99

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF Contra Costa

I have read the foregoing Complaint _____
_____ and know its contents.

### ☐ CHECK APPLICABLE PARAGRAPHS

[X]    I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐    I am ☐ an Officer ☐ a partner _____ ☐ a _____ of _____

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐    I am one of the attorneys for _____
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on _June 2, 2011_ , at _El Sobrante_ , California.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Rehana A. Khan _____
Type or Print Name              Signature

## PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF _____

I am employed in the county of _____ , State of California.
I am over the age of 18 and not a party to the within action; my business address is: _____
_____

On, _____ I served the foregoing document described as _____
_____
_____ on _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ **BY MAIL**

☐ *I deposited such envelope in the mail at _____ , California.
The envelope was mailed with postage thereon fully prepaid.

☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on _____ , at _____ , California.

☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

Executed on _____ , at _____ , California.

☐ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☐ (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____        _____
Type or Print Name                  Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions
Plus    Rev. 7/99

Bank of America
475 CrossPoint Parkway
PO Box 9000
Getzville, NY 14068-9000

September 15, 2009

Faiyaz Khan

615 Stanley Lane
El Sobrante CA 94803

Loan Number 6033190478-133

Dear Bank of America Customer:

This letter constitutes our offer to modify the Mortgage identified
above, subject to the terms and conditions agreement.   When
signed by you, this letter will also constitute your
acceptance and agreement to these terms and conditions.

Your mortgage is currently in default.   Collection
activities, which may include foreclosure, may continue.
If you sign the attached acceptance and perform as
required in this commitment, we will cease any collection
activity when the mortgage is modified.

Indicate your acceptance of this offer for a Modified
Mortgage under the terms and conditions outlined on pages
2 and 3 by signing the attached acceptance, which must be
signed by each borrower and returned within seven days
from the date of this letter.   If we do not receive this
signed acceptance letter, this offer will expire automatically
without further notice.

Sincerely,

Loss Mitigation

LM613 034
JKE

Page 1 of 4

32-17-2208NSB  11-2006

EXHIBIT A

Loan Number 6033190478-133

## Terms and Conditions Agreement

### Section A.  Terms of Modification

* The new principal balance will be $ 106,499.96.
* The interest rate(s), and the resulting principal and interest
(P&I) payment(s), are set according to the following table.
The last rate and payment amount listed will be in effect
until the maturity of the Modified Mortgage.
* 2.00000% (P&I $ 322.51) effective with the 12/01/09 payment.
* 4.75000% (P&I $ 475.94) effective with the 12/01/14 payment.
* The Modified Mortgage will require the establishment and on-
going maintenance of an escrow account for real estate taxes
and/or insurance, if such an account does not currently exist.
* The monthly escrow is $ 337.30. Your new payment will be $659.81.
This is subject to change after completion of the modification
and your escrow is analyzed. .
* The maturity date of the Modified Mortgage is November 1, 2049.
* All other terms and conditions of the mortgage will remain the
same for the Modified Mortgage, including but not limited to provisions
for late fees and the right of Bank of America.
to pursue collection for default, including foreclosure.

### Section B. Amounts to be Paid in Certified Funds

* A mortgagor contribution of $.00 is due within seven days
from the date of this letter which includes any required escrow
funds.  These fees are estimates and may change.  Should the
title and attorney fees be less than the estimated figures,
Bank of America will apply the overage accordingly.  If they are
more than stated, we will ask you to send us certified funds to
cover the shortages.

### Section C. Contingencies

* We may obtain a lender's title insurance policy or endorsement
insuring the Modified Mortgage as a first lien. If you have
any other encumbrances to the property, you may be required to
obtain subordination agreements from other secured creditors.

* If your loan contains mortgage insurance, the modification is
contingent upon approval from the mortgage insurer.

LM613 034 JKE    .    PAGE 2 OF 4                    (133)

Loan Number 6033190478-133
   **Terms and Conditions, Continued**

* If any other issues-- including but not limited to deterioration in the condition of the property, lawsuits, liens, additional expenses, and defaulted amounts-- arise between the date of this commitment and the date on which the Modified Mortgage documents are to be signed, we may refuse to modify the Mortgage.  We may then pursue collection actions, including foreclosure, if the current Mortgage is in default.
   **Acceptance of Offer for Modification**

As borrowers on the Mortgage identified above, we accept the offer under the terms and conditions outlined in Sections A, B, and C, and we agree/acknowledge that:

* The commitment for a Modified Mortgage will not be considered a waiver of or defense to the right of Bank of America, N. A. to commence or continue any collection action, including foreclosure.  Even when signed by Bank of America, N. A. and us, it will not prevent collection actions continuing if we fail to fulfill any of its terms and conditions.
* This commitment is contingent on those listed in Section C. Bank of America, N. A.  shall determine whether the contingencies have been satisfied.
* We will pay by certified funds or Western Union (Code City - Louis State - KY) the total amount stated in Section B and any additional sums that may become due.

* If Bank of America, N. A.  decided to add unpaid interest, taxes, insurance, and other expenses to the principal balance of the existing mortgage, the total, which would then be higher than the current balance, will be the new principal amount of the Modified Mortgage.
* We will sign all the documents necessary to complete the Modification and pay the amounts due on the date we receive the documents and the bill.
* We have failed to pay the Mortgage in accordance with its terms and are now in default. We have no defense or offsets against the right of Bank of America, N. A.  to collect or foreclose.
* We understand that the escrow component of our monthly payment is subject to change by Bank of America, N. A.  in order to maintain the required balance in our escrow account.
* Please check the appropriate box:
We { } are { } are not currently occupying the property as our primary residence.
* All representations we made pursuant to our request for a Modified Mortgage are true and have been and will be relied upon by Bank of America, N. A. . Any breach of the representations will give us the right to terminate this commitment and pursue other rights and remedies.

RE: Loan Number 6033190478-133

**Acceptance of Offer for Modification, Continued**

We have had the opportunity to consult with legal and/or tax counsel prior to agreeing to the foregoing.  We have willingly agreed to these terms and conditions whether or not we elected to retain such counsel.

_____     9/22/09
Signature                          Date

_____     _____
Signature                          Date

_____     _____
Signature                          Date

_____     _____
Signature                          Date
(133)

LM614 011                Page 4 of 4
JKE

ACKNOWLEDGEMENT

State of California )
County of Contra Costa )

On September 23, 2009 before me, Doug Millar, Notary Public, personally appeared Faiyaz Khan, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity on behalf of the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____  (Seal)

DOUG MILLAR
Commission # 1726789
Notary Public - California
Contra Costa County
My Comm. Expires Feb 25, 2011

Bank of America, Acceptance of Offer for Modification

**Exhibit 2**

7/6 @ 2:50P

**FIRST AMENDED SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

**NOTICE TO DEFENDANT:** BANK OF AMERICA, N.A., BAC HOME
**(AVISO AL DEMANDADO):** LOANS SERVICING, L.P., and DOES 1
through 10

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED

2011 JUL -5 P 1: 34

**YOU ARE BEING SUED BY PLAINTIFF:** FAIYAZ KHAN and REHANA
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** A. KHAN

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es):
Contra Costa County Superior Court
725 Court Street
P.O. Box 911
Martinez, CA 94553

CASE NUMBER:
(Número del Caso):
C11-01340

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Joshua G. Genser, #111526          510-237-6916     510-236-9851
Genser & Watkins LLP
125 Park Place, Suite 210
Point Richmond, CA 94801

C. Green

DATE:                          JUL 05 2011          Clerk, by _____, Deputy
(Fecha)                                             (Secretario)                    (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):
3. [X] on behalf of (specify): Bank of America, N.A.
   under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

JOSHUA G. GENSER, State Bar No. 111526
Genser & Watkins, LLP
125 Park Place, Suite 210
Point Richmond, CA 94801
Telephone: (510) 237-6916
Facsimile: (510) 236-9851

Attorney for Plaintiff Faiyaz Khan

FILED

2011 JUL -5 P 1:34

K TORRE CLER OF THE SUPERIOR COURT
CONTRA COSTA CO. CA

BY _____ DEPUTY

## SUPERIOR COURT OF CALIFORNIA

## CONTRA COSTA COUNTY

FAIYAZ KHAN and REHANA A.
KHAN,

                    Plaintiff,

        v.

BANK OF AMERICA, N.A.,
BAC HOME LOANS SERVICING, L.P.,
and DOES 1 through 10.

                    Defendants.
_____/

Case No. C11-01340

**BY FAX**

**FIRST AMENDED COMPLAINT**

    1.    Plaintiffs Faiyaz Khan and Rehana A. Khan were the owners of real property, a single-family residence, located at 1501 Nob Hill Avenue in Pinole, Contra Costa County, California, Assessor's Parcel Number 402-090-005 ("the Property").

    2.    Defendant Bank of America, National Association ("Bank of America"), is a corporation qualified to do business in California. Bank of America was the Beneficiary of a Deed of Trust on the Property securing a loan from Bank of America to Plaintiffs.

    3.    Defendant BAC Home Loans Servicing, L.P. ("BAC"), is a Texas limited partnership qualified to do business in California. Plaintiffs are informed and believe that BAC is an affiliate or subsidiary of Bank of America, to which Bank of America has delegated responsibility for servicing Plaintiff's loan.

    4.    The identities of Defendants Does 1 through 10 are unknown to Plaintiffs, but they are partners, affiliates, agents, principals or subsidiaries of the named defendants or they are otherwise

FIRST AMENDED COMPLAINT           -1-

1    jointly, severally or jointly and severally liable with the named defendants for plaintiffs' damages.

2      4.     On September 15, 2009, Bank of America made a written offer to Plaintiffs to enter into

3    an agreement whereby the loan secured by the Deed of Trust would be modified. Plaintiffs accepted

4    that offer, thus creating a contract binding on both parties. A copy of Bank of America's offer and

5    Plaintiffs' acceptance is attached as Exhibit A and incorporated herein.

6      6.     Plaintiffs, for approximately one year following the execution of the loan modification

7    agreement, sent to Bank of America the payments called for in the loan modification agreement, and

8    Bank of America accepted those payments without protest.

9      7.     On September 17, 2010, a Notice of Default was recorded by Recontrust Company, four

10   days before the Substitution of Trustee by which it became Trustee was executed, and six days before

11   that Substitution of Trustee was recorded. That Notice of Default was based on the difference between

12   the payments Plaintiffs had been sending to Bank of America and the amount of the monthly payments

13   that had been due prior to the loan modification.

14      8.     On November 3, 2010, Plaintiffs' counsel sent written notice to the named defendants

15   that the Notice of Default was in breach of the loan modification agreement and that the Notice of

16   Default was void *ab initio* because it was recorded by Recontrust before Recontrust was the Trustee.

17   No response was received to that letter.

18      9.     Plaintiffs' counsel, on December 14, 2010, wrote to the CEO and the General Counsel

19   of Bank of America, which, on December 23, 2010, prompted a telephone call to Plaintiffs' counsel

20   from Bank of America's office of Customer Relations Advocacy, followed by a letter dated January 7,

21   2011, promising an investigation. On January 20, 2011, Bank of America sent a letter to Plaintiffs'

22   counsel taking the position that the loan modification agreement was void because the notary's

23   acknowledgment of Plaintiff's signature was dated the day after the Plaintiff affixed his signature.

24      10.     On January 28, 2011, Plaintiffs' counsel responded with a letter pointing out that there

25   was no requirement that the notary actually witness the act of affixing the signature, only that the signer

26   acknowledge to the notary that the signature is genuine. No response was received to that letter.

27      11.     On April 8, 2011, Bank of America sent a proposal for a loan modification directly to

28   Plaintiffs, the terms of which were substantially less favorable than the already executed loan

**FIRST AMENDED COMPLAINT**         -2-

1   modification agreement from 2009. Plaintiffs rejected that offer.

2       12.   On some date unknown to plaintiffs, a Trustee's Sale was held and the property was

3   purchased by Bank of America or by BAC Home Loans Servicing, L.P.

4       13.   Plaintiffs had a tenant in the subject real property who was paying them rent, and the

5   Trustee's Sale and delivery and recordation of the Trustee's Deed has deprived them of the income

6   from that tenant.

7       14.   Plaintiffs are ready, willing and able to make all of any missing or rejected payments

8   pursuant to the 2009 loan modification agreement between them and Bank of America.

9                           FIRST CAUSE OF ACTION

10          Breach of Contract/Specific Performance against Bank of America

11      15.   Paragraphs 1 through 14, above, are incorporated here as though set forth in full.

12      16.   Plaintiffs have performed all obligations under the 2009 loan modification agreement

13   except that some monthly payments tendered by Plaintiffs have been rejected by defendants, and

14   Plaintiffs are ready, willing and able to make all monthly payments that have been rejected by

15   defendants.

16      17.   Plaintiffs cannot be adequately compensated in damages for Bank of America's breach

17   of contract because the real property is unique and because the terms similar to those of the loan

18   modification agreement will be impossible to obtain in the market for residential real property.

19      18.   The underlying Promissory Note and Deed of Trust contain provisions for an award of

20   attorneys' fees to a prevailing party in an action thereon, and those provisions were not modified by the

21   loan modification agreement.

22      WHEREFORE, Plaintiffs request judgment as set forth below.

23                          SECOND CAUSE OF ACTION

24                       Injunction against all Defendants

25      19.   Paragraphs 1 through 18, above, are incorporated here as though set forth in full.

26      20.   The Trustee's Deed that has or will be delivered and recorded is void and/or voidable,

27   because it was issued by an entity that was not properly the Trustee, and because the Trustor's of the

28   Deed of Trust were not actually in default under the terms of the 2009 loan modifcation agreement

FIRST AMENDED COMPLAINT        -3-

1  with the beneficiary of the Deed of Trust.

2  WHEREFORE, Plaintiffs request judgment as set forth below.

3  **THIRD CAUSE OF ACTION**

4  **Slander of Title against all defendants**

5  21.   Paragraphs 1 through 18, above, are incorporated here as though set forth in full.

6  22.   The filing of the void Notice of Default by a person who was not, then, Trustee of the

7  deed of Trust, the refusal to rescind the Notice of Default and the Notice of Trustee's Sale, the holding

8  of a Trustee's Sale and the delivery and recording of a Trustee's Deed, in light of defendants' actual

9  knowledge that the Notice of Default was void *ab initio* and that Plaintiffs were not actually in default

10  at the time it was filed, are acts constituting disparagement of title and slander of title, and were

11  committed with reckless disregard for the truth, maliciously, fraudulently and for the purpose of

12  oppressing Plaintiffs.

13  WHEREFORE, plaintiffs seek judgment as follows:

14  1.   To set aside the Trustee's Sale and void the Trustee's Deed;

15  2.   For specific performance of the 2009 loan modification agreement, ordering that

16  defendants accept performance thereunder by Plaintiffs as full satisfaction of their obligations to repay

17  the loan;

18  3.   For temporary and permanent injunctions restraining the pending foreclosure of the

19  Property based on anything other than Plaintiffs' failure to comply with the 2009 loan modification

20  agreement and requiring defendants to rescind the Notice of Default and Notice of Trustee's Sale;

21  4.   For damages equal to the pecuniary loss by Plaintiffs arising from defendants' filing of

22  the Notice of Default and Notice of Trustee's Sale, including loss of rent and Plaintiffs' attorneys' fees;

23  5.   For exemplary damages;

24  6.   For attorneys' fees under the contract;

25  7.   For costs; and

26  ///

27  ///

28  ///

FIRST AMENDED COMPLAINT                          -4-

8.     For such other relief as may be appropriate.

Dated: July 1, 2011

Joshua Genser
Attorney for Plaintiff

EXHIBIT A

Bank of America

Bank of America
475 CrossPoint Parkway
PO Box 9000
Getzville, NY 14068-9000

September 15, 2009

Faiyaz Khan

615 Stanley Lane
El Sobrante CA 94803

Loan Number 6033190478-133

Dear Bank of America Customer:

This letter constitutes our offer to modify the Mortgage identified
above, subject to the terms and conditions agreement.  When
signed by you, this letter will also constitute your
acceptance and agreement to these terms and conditions.

Your mortgage is currently in default.  Collection
activities, which may include foreclosure, may continue.
If you sign the attached acceptance and perform as
required in this commitment, we will cease any collection
activity when the mortgage is modified.

Indicate your acceptance of this offer for a Modified
Mortgage under the terms and conditions outlined on pages
2 and 3 by signing the attached acceptance, which must be
signed by each borrower and returned within seven days
from the date of this letter.  If we do not receive this
signed acceptance letter, this offer will expire automatically
without further notice.

Sincerely,

Loss Mitigation

LM613 034                  Page 1 of 4
JKE

32-17-2208NSB  11-2006

EXHIBIT A

Loan Number 6033190478-133

## Terms and Conditions Agreement

### Section A. Terms of Modification

* The new principal balance will be $ 106,499.96.
* The interest rate(s), and the resulting principal and interest
(P&I) payment(s), are set according to the following table.
The last rate and payment amount listed will be in effect
until the maturity of the Modified Mortgage.
* 2.00000% (P&I $ 322.51) effective with the 12/01/09 payment.
* 4.75000% (P&I $ 475.94) effective with the 12/01/14 payment.
* The Modified Mortgage will require the establishment and on-
going maintenance of an escrow account for real estate taxes
and/or insurance, if such an account does not currently exist.
* The monthly escrow is $ 337.30. Your new payment will be $659.81.
This is subject to change after completion of the modification
and your escrow is analyzed.
* The maturity date of the Modified Mortgage is November 1, 2049.
* All other terms and conditions of the mortgage will remain the
same for the Modified Mortgage, including but not limited to provisions
for late fees and the right of Bank of America.
to pursue collection for default, including foreclosure.

### Section B. Amounts to be Paid in Certified Funds

* A mortgagor contribution of $.00 is due within seven days
from the date of this letter which includes any required escrow
funds. These fees are estimates and may change. Should the
title and attorney fees be less than the estimated figures,
Bank of America will apply the overage accordingly. If they are
more than stated, we will ask you to send us certified funds to
cover the shortages.

### Section C. Contingencies

* We may obtain a lender's title insurance policy or endorsement
insuring the Modified Mortgage as a first lien. If you have
any other encumbrances to the property, you may be required to
obtain subordination agreements from other secured creditors.

* If your loan contains mortgage insurance, the modification is
contingent upon approval from the mortgage insurer.

LM613 034 JKE          PAGE 2 OF 4                    (133)

Loan Number 6033190478-133
Terms and Conditions, Continued

* If any other issues-- including but not limited to deterio-
ration in the condition of the property, lawsuits, liens,
additional expenses, and defaulted amounts-- arise between
the date of this commitment and the date on which the
Modified Mortgage documents are to be signed, we may refuse
to modify the Mortgage.  We may then pursue collection
actions, including foreclosure, if the current Mortgage is
in default.
Acceptance of Offer for Modification

As borrowers on the Mortgage identified above, we accept the
offer under the terms and conditions outlined in Sections A,
B, and C; and we agree/acknowledge that:

* The commitment for a Modified Mortgage will not be considered
a waiver of or defense to the right of Bank of America, N. A.
to commence or continue any collection action, including
foreclosure.  Even when signed by Bank of America, N. A.
and us, it will not prevent collection actions continuing if
we fail to fulfill any of its terms and conditions.
* This commitment is contingent on those listed in Section C.
Bank of America, N. A.  shall determine whether the
contingencies have been satisfied.
* We will pay by certified funds or Western Union (Code City - Louis
State - KY) the total amount stated in Section B and any additional
sums that may become due.

* If Bank of America, N. A.  decided to add unpaid interest,
taxes, insurance, and other expenses to the principal balance of
the existing mortgage, the total, which would then be higher
than the current balance, will be the new principal amount
of the Modified Mortgage.
* We will sign all the documents necessary to complete the
Modification and pay the amounts due on the date we receive
the documents and the bill.
* We have failed to pay the Mortgage in accordance with its terms
and are now in default. We have no defense or offsets against the
right of Bank of America, N. A.  to collect or foreclose.
* We understand that the escrow component of our monthly
payment is subject to change by Bank of America, N. A.  in
order to maintain the required balance in our escrow account.
* Please check the appropriate box:
We (  ) are  (  ) are not currently occupying the property
as our primary residence.
* All representations we made pursuant to our request for a
Modified Mortgage are true and have been and will be relied
upon by Bank of America, N. A.  Any breach of the
representations will give us the right to terminate this
commitment and pursue other rights and remedies.

LM614 011 JKE            Page 3 of 4

RE: Loan Number 6033190478-133

Acceptance of Offer for Modification, Continued

We have had the opportunity to consult with legal and/or tax counsel prior to agreeing to the foregoing. We have willingly agreed to these terms and conditions whether or not we elected to retain such counsel.

_____     9/22/09.
Signature                        Date

_____     _____
Signature                        Date

_____     _____
Signature                        Date

_____     _____
Signature                        Date
(133)

LM614 011          Page 4 of 4
JKE

## ACKNOWLEDGEMENT

State of California
County of Contra Costa

On September 23, 2009 before me, Doug Millar, Notary Public, personally appeared Faiyaz Khan, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity on behalf of the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____ (Seal)

DOUG MILLAR
Commission # 1726789
Notary Public - California
Contra Costa County
My Comm. Expires Feb 23, 2011

Bank of America, Acceptance of Offer for Modification

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

KHAN ET AL VS BANK OF AMERICA, NA ET AL

NOTICE OF CASE MANAGEMENT CONFERENCE                    CIVMSC11-01340

1. NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE: 10/25/11       DEPT: 19       TIME: 8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES. ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2. You may stipulate to an earlier Case Management Conference. If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)957-5794 for Unlimited Civil
cases and (925)957-5791 for Limited Civil cases for assignment of an
earlier date.

3. You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4. At any Case Management Conference the court may make pretrial
orders including the following:

   a.  an order establishing a discovery schedule
   b.  an order referring the case to arbitration
   c.  an order transferring the case to limited jurisdiction
   d.  an order dismissing fictitious defendants
   e.  an order scheduling exchange of expert witness information
   f.  an order setting subsequent conference and the trial date
   g.  an order consolidating cases
   h.  an order severing trial of cross-complaints or bifurcating
       issues
   i.  an order determining when demurrers and motions will be filed

SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant. A. NUESTRO

Dated: 06/07/11                    _____
                                   A. NUESTRO, Deputy Clerk

Superior Court of California, County of Contra Costa

## NOTICE TO PLAINTIFFS
In Unlimited Jurisdiction Civil Actions

### AFTER YOU FILE YOUR COURT CASE:

1. **Have the forms the clerk gives you served on all defendants in this case:**

   a. The Complaint

   b. The Summons

   c. The Notice of Case Management Conference (shows hearing date and time)

   d. The Notice to Defendants  (Local Court Form CV-655d)

   e. Blank: Case Management Statement (Judicial Council Form CM-110)

   f. Blank: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days  (Local Court Form CV-655b)

   g. Alternative Dispute Resolution (ADR) Information (Local Court Form CV-655c)

2. Within 60 days of the date you filed the complaint **you must prove that the forms have been served on (delivered to) the defendants correctly** by filing the *Proof of Service* form (POS-010) (completed by the person who did the service) with the court.

3. **Go to the case management conference on the date indicated on** The Notice of Case Management Conference.

4. **Consider using mediation, arbitration, or neutral case evaluation (ADR) to resolve the dispute.** All parties must answer questions about ADR on the *Case Management Statement* form. For more information, see the enclosed ADR information, visit *www.cc-courts.org/adr*, or call (925) 957-5787.

5. **You may delay the first case management conference while you try to resolve the dispute in ADR.** If all parties agree to use ADR, complete and file the Stipulation and Order to Attend ADR and Continue First Case Management Conference 90 Days form to tell the court you want to use this option.

All civil actions *(except juvenile, probate, family, unlawful detainer, extraordinary writ, and asset forfeiture[1])* and personal injury cases where a party is claiming damages[2] must meet the Civil Trial Delay Reduction time limits for filing documents and moving their cases forward. These time limits are listed in California Rule of Court 3.110 and Local Court Rule 5. If parties miss these deadlines, a judge might issue an order (*Order to Show Cause*) for them to explain in court why they should not have to pay a fine or have their case dismissed.

### VIEW LOCAL COURT RULES AT: (WWW.CC-COURTS.ORG/RULES)

---

[1] *Health and Safety Code §11470 et seq.*
[2] *Including claims for emotional distress and/or wrongful death.*

## Superior Court of California, County of Contra Costa

# NOTICE TO DEFENDANTS

### In Unlimited Jurisdiction Civil Actions

**YOU ARE BEING SUED.** The packet you have been served should contain:

a. The Summons

b. The Complaint

c. The Notice of Case Management (shows hearing date and time)

d. Blank: Case Management Statement (Judicial Council Form CM-110)

e. Blank: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)

f. Alternative Dispute Resolution (ADR) Information (Local Court Form CV-655c)

---

 **WHAT DO I DO NOW?** 

### You must:

1. **Prepare your response** YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, if you do not prepare and file a response on time. See the other side of this page for types of responses you can prepare.

2. **Complete the** *Case Management Statement* *(CM-110)*

3. **File and serve your court papers on time** Once your court forms are complete, you must file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you were served in person you must file your response in 30 days. If the server left a copy of the papers with an adult living at your home or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.

4. **Prove you served your court papers on time** by having your server complete a *Proof of Service, (Judicial Council form POS-040)*, that must be filed at the court within 60 days.

5. **Go to court** on the date and time given in the *Notice of Case Management Conference.*

6. **Consider trying to settle your case before trial** If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the *Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days* can be filed with your other papers. For more information read the enclosed ADR information, visit www.cc-courts.org/adr, or call (925) 957-5787.

**IMPORTANT! The court recommends consulting an attorney for all or part of your case. While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.**

---

**COURT FEES:** You must pay court fees the first time you file your papers. If you also file a motion, you must pay another fee. If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

**COURT FORMS:** Buy forms at the Forms Window in the Family Law Building or download them for free at: www.courtinfo.ca.gov/forms/

## WHAT KIND OF RESPONSES CAN I FILE?

1. If you disagree with some or all of what the plaintiff says in the complaint because you believe, or know it is not true, you can file an <u>ANSWER</u>.

2. If you have a claim in the same case against the plaintiff, you may file a <u>CROSS-COMPLAINT</u>.

3. If you want to ask the court to do something on your behalf, you may file a <u>MOTION</u> *(See TYPES OF MOTIONS below)*

## HOW DO I PREPARE AN ANSWER?

There are two kinds of Answers you can use, depending on whether the Complaint was verified. You can tell if a Complaint is verified because it says "Verified Complaint" and/or has a signed oath on the last page.

**For complaints that are NOT verified:**

Use Judicial Council form PLD-050 – General Denial

**For complaints that ARE verified:**

    a.   For personal injury, property damage, and wrongful death claims, use Judicial Council PLD-PI-003 (do <u>not</u> check number 2).

    b.   For contract claims, use Judicial Council PLD-C-010 (do <u>not</u> check number 3a).

    c.   Be sure to deny <u>every</u> claim with which you disagree. For example, you might write: *"I believe, or know, that the information in paragraph #___ is untrue/incorrect."* Continue your list until you have addressed each paragraph in the Complaint.

**NOTE:** The Judicial Council Answer forms have spaces for your affirmative defenses. Be sure to include them or you may not be able to use them later. To find out what your affirmative defenses might be, go to the law library and ask the librarian to help you find the information you need.

**If you want to file a Cross-Complaint, you must do so at the same time you file the Answer.**

    a.   For a personal injury, property damage, and/or wrongful death Cross-Complaint, use Judicial Council form PLD-PI-002.

    b.   For a contract Cross-Complaint, use Judicial Council PLD-C-001.

## TYPES OF MOTIONS

Written motions are documents that ask the court to do something. You may have to file an *Answer* at the same time. At this point in the case, you can only make Motions from the following list:

1. <u>Demurrer</u> *(the facts stated in the complaint are wrong, or the deadline to file the lawsuit has passed);*

2. <u>Motion to Strike</u> *(the complaint is unclear; does not follow the law, "doesn't matter", etc.);*

3. <u>Motion to Transfer</u> *(the complaint is in the wrong court or there's a more appropriate court);*

4. <u>Motion to Quash Service of Summons</u> *(you were not legally served);*

5. <u>Motion to Stay</u> *(put the case on hold);* or

6. <u>Motion to Dismiss</u> *(stops the case).*

    **NOTE: Motions are very complicated and you may want to hire a lawyer to help you.**

## WHERE CAN I GET MORE HELP?

- **Lawyer Referral Service:** (925) 825-5700
- **Bay Area Legal Aid:** (800) 551-5554
- **Contra Costa County Law Library**    Martinez: (925) 646- 2783    Richmond: (510) 374-3019
- **Ask the Law Librarian:**    www.247ref.org/portal/access_law3.cfm

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF CONTRA COSTA

Plaintiff(s) / Cross Plaintiff(s)

vs.

Defendant(s) / Cross Defendant(s)

### _ADR Case Management Stipulation and Order_
### _(Unlimited Jurisdiction Civil Cases)_

CASE NO: _____

---

► ALL PARTIES STIPULATING TO ADR AND DELAYING THEIR CASE MANAGEMENT CONFERENCE 90 DAYS MUST SUBMIT THE ORDER FOR THE JUDGE'S SIGNATURE AND FILE THIS FORM AT LEAST 15 DAYS BEFORE THEIR CASE MANAGEMENT CONFERENCE. (NOT AVAILABLE IN COMPLEX LITIGATION CASES.)

► PARTIES MUST ALSO SEND A COPY OF THIS FILED STIPULATION AND ORDER TO THE ADR OFFICE: FAX: (925) 957-5689 MAIL: P.O. BOX 911, MARTINEZ, CA 94553

---

Counsel and all parties agree to delay their case management conference 90 days to attend ADR and complete pre-ADR discovery as follows:

1. <u>Selection and scheduling for Alternative Dispute Resolution (ADR):</u>
   a. The parties have agreed to ADR as follows:
        i. ❑ Mediation   (❑ Court-connected ❑ Private)
        ii. ❑ Arbitration  (❑ Judicial Arbitration (non-binding)   ❑ Private (non-binding)   ❑ Private (binding))
        iii. ❑ Neutral case evaluation
   b. The ADR neutral shall be selected by *(date):* _____ *(no more than 14 days after filing this form)*
   c. ADR shall be completed by *(date):* _____ *(no more than 90 days after filing this form)*

2. <u>The parties will complete the following discovery plan:</u>
   a. ❑ Written discovery:   (❑ Additional page(s) attached)
        i. ❑ Interrogatories to:
        ii. ❑ Request for Production of Documents to:
        iii. ❑ Request for Admissions to:
        iv. ❑ Independent Medical Evaluation of:
        v. ❑ Other:
   b. ❑ Deposition of the following parties or witnesses: (❑ Additional page(s) attached)
        i. _____
        ii. _____
        iii. _____
   c. ❑ No Pre-ADR discovery needed

3. The parties also agree: _____

4. Counsel and self-represented parties represent they are familiar with and will fully comply with all local court rules related to ADR as provided in Appendix C, will pay the fees associated with these services, and understand that if they do not, without good cause, comply with this stipulation and all relevant local court rules, they may be subject to sanctions.

| Counsel for Plaintiff *(print)* | Fax | | Counsel for Defendant *(print)* | Fax |
|---|---|---|---|---|
| Signature | | | Signature | |
| Counsel for Plaintiff *(print)* | Fax | | Counsel for Defendant *(print)* | Fax |
| Signature | | | Signature | |

---

Pursuant to the Stipulation of the parties, and subject to the *Case Management Order* to be filed, **IT IS SO ORDERED** that the Case Management Conference set for _____ is vacated and rescheduled for _____ at (8:30 a.m. / _____) **Plaintiff / Plaintiff's counsel must notify all parties of the new case management conference.**

Dated: _____

**Judge of the Superior Court**

---

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                          FAX NO. (Optional):

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF:**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| **(Check one):** ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:              Dept.:          Div.:          Room:

Address of court (if different from the address above):

☐   Notice of Intent to Appear by Telephone, by (name):

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** (answer one):
   a. ☐   This statement is submitted by party (name):
   b. ☐   This statement is submitted **jointly** by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐   The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐   All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐   The following parties named in the complaint or cross-complaint
      (1) ☐   have not been served (specify names and explain why not):

      (2) ☐   have been served but have not appeared and have not been dismissed (specify names):

      (3) ☐   have had a default entered against them (specify names):

   c. ☐   The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. **Description of case**
   a. Type of case in ☐   complaint ☐   cross-complaint   (Describe, including causes of action):

Page 1 of 4

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2009]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. Fax number:
   f. E-mail address:
   g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a. Counsel ☐ has ☐ has not    provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
    b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
    c. ☐ The case has gone to an ADR process *(indicate status):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d. The party or parties are willing to participate in *(check all that apply):*

  (1) ☐ Mediation

  (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

  (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

  (4) ☐ Binding judicial arbitration

  (5) ☐ Binding private arbitration

  (6) ☐ Neutral case evaluation

  (7) ☐ Other *(specify):*

  e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

  f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

  g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

  ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

  a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

  b. Reservation of rights: ☐ Yes ☐ No

  c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

  Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

  ☐ Bankruptcy ☐ Other *(specify):*

  Status:

**14. Related cases, consolidation, and coordination**

  a. ☐ There are companion, underlying, or related cases.

  (1) Name of case:

  (2) Name of court:

  (3) Case number:

  (4) Status:

  ☐ Additional cases are described in Attachment 14a.

  b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**

  ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

  ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

17. **Discovery**

    a. ☐ The party or parties have completed all discovery.

    b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| | | |

    c. ☐ The following discovery issues are anticipated *(specify)*:

18. **Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

19. **Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

20. **Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

21. Total number of pages attached *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

| | |
|---|---|
| _____ | ► _____ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| _____ | ► _____ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | ☐ Additional signatures are attached. |

CM-110 [Rev. January 1, 2009]      **CASE MANAGEMENT STATEMENT**      Page 4 of 4



## CONTRA COSTA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form* (CM-110);
- File a *Stipulation and Order to Attend ADR and Continue First Case Management Conference 90 Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions? Call (925) 957-5787, or go to www.cc-courts.org/adr*

### MEDIATION

Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties call or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay that person's regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

### PRIVATE MEDIATION

Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

## JUDICIAL ARBITRATION (non-binding)

In judicial arbitration, an independent attorney (arbitrator) looks at the evidence, listens to the parties and their witnesses, and decides how the case will be settled. Judicial arbitration is less formal than court. Parties call or visit the ADR Programs office to get a list of arbitrators. If they cannot agree on an arbitrator, the court will assign one. The judge can send cases to arbitration if there is less than $50,000 in dispute. The person who started the court case can make sure the case goes to arbitration if they agree to limit the amount they are asking for to $50,000. Parties can also agree they want to use judicial arbitration. The arbitrator must send their decision (award) to the court within 10 days of the last hearing. The award becomes a court judgment unless a party asks the court to review the case within 30 days. Parties must use the ADR 102 form to ask for a new court hearing (called a trial de novo.) Judicial arbitrators charge $150 per case or per day.

## PRIVATE ARBITRATION (non-binding and binding)

Private, non-binding arbitration is the same as judicial arbitration, except that the parties do not go through the ADR Programs office to choose an arbitrator, and the arbitrator's award will not become a judgment of the court unless all parties agree. Parties must pay the arbitrator's normal fees.

Binding arbitration is different from judicial or private non-binding arbitration because the arbitrator's decision is final. Parties give up their right to have a judge review their case later (except for reasons listed in California Code of Civil Procedure, Section 1286.2.) Binding arbitration rules are listed in California Code of Civil Procedure, Sections 1280-1288.8. Parties may also agree any time before the judge has made a decision that ends the case to switch to binding arbitration. Parties choose the arbitrator on their own, and must pay the arbitrator's normal (not $150) fees.

## SETTLEMENT MENTOR CONFERENCE

Settlement mentors are independent, experienced trial attorneys that a judge has assigned to help parties look for ways to settle their case. The conference is free and is held in the courthouse. It is often held on the morning of trial, but it can be scheduled anytime. These conferences usually last two or three hours. Parties do not present evidence and do not call witnesses. Parties can ask the settlement mentor to keep some information confidential (private) from the other party, but not from the judge. The settlement mentor can share any information with the judge, or involve the judge in settlement discussions. All principals, clients, and claims representatives must attend the settlement mentor conference.

## NEUTRAL CASE EVALUATION

In neutral case evaluation, an independent attorney (evaluator) reviews documents and listens to each party's side of the case. The evaluator then tells the parties what they think could happen if the case went to trial. Many people use the evaluator's opinion to reach an agreement on their own, or use this information later in mediation or arbitration to settle their case.

Parties call or visit the ADR Programs office to get a list of evaluators. After parties have agreed on an evaluator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the evaluator at least 5 court days before evaluation starts. ALL parties and their attorneys must go to neutral case evaluation. The evaluation can be held whenever and wherever the parties and the evaluator want, as long as they finish before the court deadline. If the parties go through the court's ADR program, evaluators do not charge any fees for the first half hour spent scheduling or preparing for the evaluation conference. They also do not charge fees for the first two hours of the evaluation. If parties need more time, they must pay that person's regular fees. Some evaluators ask for a deposit before evaluation starts. Evaluators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the evaluation. A party whose court fees have been waived (cancelled) may ask if their evaluation fees or deposit can be waived.

## TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 2.830 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at (925) 957-5787

**Exhibit 3**

1   **BRYAN CAVE LLP**
    Robert E. Boone III, California Bar No. 132780
2   Andrea M. Hicks, California Bar No. 219836
    Mary F. Mock, California Bar No. 249379
3   Two Embarcadero Center, Suite 1410
    San Francisco, CA 94111-3907
4   Telephone:      (415) 675-3400
    Facsimile:      (415) 675-3434
5   Email:      reboone@bryancave.com
                andrea.hicks@bryancave.com
6               mockm@bryancave.com

7   Attorneys for Defendants
    BANK OF AMERICA, N.A., for itself and as successor by merger to BAC HOME LOANS
8   SERVICING, LP

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                **FOR THE COUNTY OF CONTRA COSTA**

11

12  FAIYAZ KHAN and REHANA A. KHAN,          Case No.: C11-01340

13              Plaintiff,                   **NOTICE TO ADVERSE PARTY AND
                                             STATE COURT OF REMOVAL OF
14        v.                                 CIVIL ACTION TO FEDERAL COURT**

15  BANK OF AMERICA, N.A., BAC HOME
    LOANS SERVICING, L.P., and DOES 1-10,
16
                Defendants.                  Complaint Filed:      June 7, 2011
17                                           1st Amended Complaint Filed: July 5, 2011
                                             Trial Date:      Not Assigned
18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

1    TO PLAINTIFFS FAIYAZ KHAN and REHANA A. KHAN, THEIR ATTORNEY

2   OF RECORD, AND THE CLERK OF THE ABOVE-ENTITLED COURT:

3       PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. § 1446(d), a Notice of Removal

4   of this Action was filed in the United States District Court for the Northern District of California

5   on August 5, 2011, for the purpose of removing this action to federal court. A copy of said Notice

6   of Removal is attached to this Notice as Exhibit A and is served and filed herewith.

7       Pursuant to 28 U.S.C. § 1446(d), this Court need take no further action with respect to this

8   case "unless and until the case is remanded."

9

10  Dated: August 5, 2011              **BRYAN CAVE LLP**
                                       Robert E. Boone III
11                                     Andrea M. Hicks
                                       Mary F. Mock
12

13

14

15                                     By: _____
                                           Mary F. Mock
16                                         Attorneys for Defendant
                                       BANK OF AMERICA, N.A., for itself and as
17                                     successor by merger to BAC HOME LOANS
                                       SERVICING, LP.

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CA 94111-3907

**Exhibit A**

1    **BRYAN CAVE LLP**
     Robert E. Boone III, California Bar No. 132780
2    Andrea M. Hicks, California Bar No. 219836
     Mary F. Mock, California Bar No. 249379
3    Two Embarcadero Center, Suite 1410
     San Francisco, CA 94111-3907
4    Telephone:    (415) 675-3400
     Facsimile:    (415) 675-3434
5    Email:        reboone@bryancave.com
                   andrea.hicks@bryancave.com
6                  mockm@bryancave.com

7    Attorneys for Defendants
     BANK OF AMERICA, N.A., for itself and as successor by merger to BAC HOME LOANS
8    SERVICING, LP

9

10                   **UNITED STATES DISTRICT COURT**

11                  **NORTHERN DISTRICT OF CALIFORNIA**

12   FAIYAZ KHAN and REHANA A. KHAN,          Case No.

13                        Plaintiff,
                                              **NOTICE OF REMOVAL OF CIVIL**
14         v.                                 **ACTION PURSUANT TO 28 U.S.C. §**
                                              **1441(b)**
15   BANK OF AMERICA, N.A., BAC HOME
     LOANS SERVICING, L.P., and DOES 1-10,    (Contra Costa County Superior Court Case
16                                            No. C11-01340)
                          Defendants.
17                                            **[DIVERSITY]**

18       **TO PLAINTIFFS FAIYAZ KHAN and REHANA A. KHAN, THEIR ATTORNEY**
19   **OF RECORD, AND THE CLERK OF THE ABOVE-ENTITLED COURT:**

20         PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332, 1441 and 1446,

21   Defendant BANK OF AMERICA, N.A., for itself and as successor by merger to BAC HOME

22   LOANS SERVICING, LP ("Removing Defendant") hereby removes the above-referenced action

23   filed by Plaintiffs Faiyaz Khan and Rehana A. Khan ("Plaintiffs"), from the Superior Court of the

24   State of California, County of Contra Costa, to the United States District Court for the Northern

25   District of California, and in support of this removal state as follows:

26                        **PROCEDURAL HISTORY**

27         1.     On or about June 7, 2011, Plaintiffs filed a Complaint in the Superior Court of the

28

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

1   State of California, County of Contra Costa entitled *Faiyaz Khan and Rehana A. Khan v. Bank of*

2   *America, N.A., et al.*, Contra Costa County Case No. C11-01340. The Complaint asserts a total of

3   three causes of action against Defendant labeled, *inter alia*, (1) Breach of Contract/Specific

4   Performance; (2) Injunction; (3) Slander of Title. A true and correct copy of the Complaint is

5   attached as Exhibit "1."

6          2.      On or about July 5, 2011, Plaintiffs filed a First Amended Complaint. Removing

7   Defendant was served with the First Amended Complaint by process server and receipt on July 6,

8   2011. A true and correct copy of the Summons and First Amended Complaint is attached as

9   Exhibit "2."

10                          **TIMELINESS OF REMOVAL**

11         3.      Removing Defendant was served with the First Amended Complaint on July 6,

12  2011.

13         4.      This Notice of Removal is being filed on August 5, 2011 and is timely under 28

14  U.S.C. § 1446(b).

15                        **BASIS FOR REMOVAL JURISDICTION**

16         5.      This action is a civil action of which this Court has original jurisdiction over the

17  State Court Action under 28 U.S.C. § 1332, and the State Court action may be removed to this

18  Court pursuant to the provisions of 28 U.S.C. § 1441(b) because Plaintiffs and Removing

19  Defendant are citizens of different states and the amount in controversy exceeds the sum of

20  $75,000.00, exclusive of interests and costs.

21         6.      At the time this action was commenced Removing Defendant was and is now, a

22  national banking association that, according to its Articles of Association, has its principal place

23  of business in North Carolina. As such, it is a citizen of North Carolina.

24         7.      At the time this action was commenced Plaintiffs Faiyaz Khan and Rehana A.

25  Khan were and are now, citizens of California.

26         8.      Thus, Plaintiff and Removing Defendant are citizens of different states for the

27  purpose of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

28         9.      "The amount in controversy for jurisdictional purposes is determined by the

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

1   amount of damages or the value of the property that is the subject of the action." *Meisel v. Allstate*

2   *Indem. Co.*, 357 F.Supp.2d 1222, 1225 (E.D. Cal. 2005). "In determining the amount in

3   controversy, a court may consider compensatory and punitive damages as well as attorney fees,

4   but may not consider interest and costs of suit." *Id.*

5        10.    Plaintiffs allege that Defendant breached a loan modification agreement, under

6   which Plaintiffs would have been able to make mortgage payments and keep their title to the

7   home. (FAC, ¶ 4, 6, Prayer). Plaintiffs seek the restoration of the property to their names and to

8   reinstate the alleged loan modification agreement. (FAC, Prayer). Plaintiffs allege that the home

9   they seek to have restored to them is a home that supported a loan that was allegedly modified to

10   the amount of $106,499.96. (FAC, Ex. A.). Plaintiffs allege they have lost the rights and benefits

11   that go along with a person's ownership of a home, such as loss of rental income. (FAC, ¶ 13).

12   Plaintiffs seek damages equal to the "pecuniary loss arising from defendants' filing of the Notice

13   of Default and Notice of Trustee's Sale, including loss of rent and Plaintiffs' attorneys' fees."

14   (FAC, Prayer). Plaintiffs also seek to set aside the Trustee's Sale, void the Trustee's Deed, to

15   rescind the Notice of Default and Notice of Trustee's Sale, and specific performance of the alleged

16   loan modification agreement. *Id.* Plaintiffs also seek punitive damages. *Id.* Plaintiffs did not file

17   this action as a limited civil action in California Superior Court. Accordingly, the amount in

18   controversy exceeds $75,000.

19                     **PROCEDURES FOR REMOVAL**

20        11.    Exhibits 1 and 2 constitute all process, pleadings, and orders received and

21   obtained by Defendant in the State Court Action. 28 U.S.C. § 1446(a).

22        12.    Pursuant to 28 U.S.C. § 1446(d), Removing Defendant is filing a copy of this

23   Notice of Removal with the Superior Court of the State of California for the County of Contra

24   Costa, and is serving a copy of the same upon counsel for Plaintiffs.

25                     **NOTICE TO STATE COURT**

26        13.    A copy of this Notice of Removal is being filed with the Clerk of the Superior

27   Court for the County of Contra Costa as an exhibit to the Notice of Defendant's Filing of Notice to

28   Adverse Parties and State Court of Removal of Civil Action to Federal Court being filed in that

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

1    court. A copy of the Notice of Removal being filed in state court is attached hereto (without

2    exhibits) as Exhibit "3."

3    ## INTRADISTRICT ASSIGNMENT

4        14.    Pursuant to Local Rules 3-2(c) and (d), the San Francisco/Oakland division of the

5    Northern District of California has jurisdiction over this Action, because this Action arises in the

6    County of Contra Costa and is being removed from the Superior Court for the County of Contra

7    Costa.

8        WHEREFORE, Removing Defendant hereby gives notice that the above action now

9    pending in the Superior Court of the State of California for the County of Contra Costa is removed

10   in its entirety to this Court.

11

12   Dated: August 5, 2011                        **BRYAN CAVE LLP**
                                                   Robert E. Boone III
13                                                 Andrea M. Hicks
                                                   Mary F. Mock
14

15                                                 By: _____

16                                                      Mary F. Mock
                                                   Attorneys for Defendant
17                                                 BANK OF AMERICA, N.A., for itself and as
                                                   successor by merger to BAC HOME LOANS
18                                                 SERVICING, LP

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907