IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIYAZ KHAN and REHANA A. KHAN,<br><br>    Plaintiffs,<br><br>  v.<br><br>BANK OF AMERICA, N.A., BAC HOME LOANS SERVICING, L.P., and DOES 1-10,<br><br>    Defendants.<br>_____/ | No. C 11-03853 CW<br><br>ORDER GRANTING IN PART, AND DENYING IN PART, DEFENDANTS' MOTION TO DISMISS |

Defendants Bank of America, N.A. and BAC Home Loan Servicing, L.P. (collectively, Bank of America) move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs Faiyaz Khan and Rehana A. Khan's first amended complaint (FAC). Docket No. 5. Plaintiffs oppose the motion. Having considered all of the parties' submissions and oral argument, the Court GRANTS IN PART Bank of America's motion to dismiss, and DENIES IT IN PART.

BACKGROUND

On May 23, 2007, Plaintiffs obtained a home loan on a property that they owned in Pinole, California from Bank of America, secured by a deed of trust listing Bank of America as the beneficiary and PRLAP, Inc. as the Trustee. FAC ¶ 2; Defs.'

Request for Judicial Notice (RJN), Ex. C, 1.[1]  Plaintiffs rented this property to a tenant and received rental income from that tenant.  FAC ¶ 13.

On September 15, 2009, Bank of America sent a letter addressed solely to Faiyaz Khan that stated in relevant part,

> This letter constitutes our offer to modify the Mortgage identified above, subject to the terms and conditions agreement [attached].  When signed by you, this letter will also constitute your acceptance and agreement to these terms and conditions.
>
> Your mortgage is currently in default.  Collection activities, which may include foreclosure, may continue.  If you sign the attached acceptance and perform as required in this commitment, we will cease any collection activity when the mortgage is modified.
>
> Indicate your acceptance of this offer for a Modified Mortgage . . . by signing the attached acceptance, which must be signed by each borrower and returned within seven days from the date of this letter.

FAC, Ex. A, 1.  The terms and conditions attached to the letter also listed several contingencies and required Plaintiffs to agree to some additional terms, including

> * The commitment for a Modified Mortgage will not be considered a waiver of or defense to the right of Bank of America, N.A. to commence or continue any collection

---

[1] Bank of America submitted a Request for Judicial Notice, wherein it requested judicial notice of five documents recorded in the Contra Costa County Clerk-Recorder's Office.  RJN 2-3.  Plaintiffs oppose this request as to one of the documents, Exhibit A of the request, on the basis that the document that Bank of America attached to its request as Exhibit A is not the document it described as Exhibit A in its request and is instead a Deed of Trust that is unrelated to this case.  Obj. to RJN 1.  Plaintiffs do not oppose Bank of America's request as to the remaining documents.  The Court therefore DENIES Bank of America's request as to Exhibit A and GRANTS the request as to Exhibits B through E.

2

> action, including foreclosure.  Even when signed by Bank of America, N.A. and us, it will not prevent collection actions continuing if we fail to fulfill any of its terms and conditions. . .
>
> * This commitment is contingent on those listed in Section C.  Bank of America, N.A. shall determine if those contingencies have been satisfied. . .
>
> * We will sign all documents necessary to complete the Modification. . .

Id. at 2-3.

On September 22, 2009, Faiyaz Khan signed the Acceptance page of the Offer for Modification.  Id. at 4.  On September 23, 2009, a notary signed an acknowledgement of Faiyaz Khan's signature, stating that on that date, Faiyaz Khan appeared before the notary and "proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity."  Id. at 5.

For about a year after this, Plaintiffs sent Bank of America payments in the amount called for in the loan modification agreement, and Bank of America accepted these payments without protest.  FAC ¶ 6.  At some point after about a year, Bank of America began to reject some monthly payments tendered by Plaintiffs.  Id. ¶ 16.

On September 17, 2010, Recontrust Company, "acting as an agent for" Bank of America, recorded a Notice of Default on the loan. RJN, Ex. B, 1.  This notice was dated September 16, 2010 and stated that Plaintiffs were $61,072.48 in arrears as of that date.  Id. at 3.  This arrearage amount was the difference between the amount of the payments that Plaintiffs had been sending to

1  Bank of America pursuant to the loan modification and the amount
2  of the payments that would have been due under the unmodified
3  mortgage agreement.  FAC ¶ 7.
4      On September 23, 2010, Bank of America recorded a
5  Substitution of Trustee substituting Recontrust Company as Trustee
6  under the Deed of Trust.  RJN, Ex. C, 1.  This Substitution was
7  dated September 16, 2010 and notarized on September 21, 2010.  Id.
8      On December 27, 2010, Recontrust Company recorded a Notice of
9  Trustee's Sale of Plaintiffs' property.  RJN, Ex. D, 1.
10 After exchanging several letters and telephone calls over several
11 months, Bank of America sent Plaintiffs' counsel a letter on
12 January 20, 2011, stating that the loan modification agreement was
13 void because the notary's acknowledgment of Faiyaz Khan's
14 signature was dated the day after Faiyaz Khan had signed the
15 Acceptance.  FAC ¶¶ 8-9.  In response, Plaintiffs' counsel pointed
16 out that the notary did not have to witness the actual act of
17 signing the document; he did not receive a response.  Id. ¶ 10.
18     On April 8, 2011, Bank of America sent Plaintiffs another
19 offer of a loan modification, the terms of which were less
20 favorable than the prior offer.  Id. ¶ 11.  Plaintiffs rejected
21 this offer.  Id. ¶ 11.
22     On June 7, 2011, Recontrust Company, as Trustee, held a
23 public auction and sold the Deed of Trust to Bank of America. RJN,
24 Ex. E at 1-2.  The Trustee's Deed stated that the amount of unpaid
25 debt as of that date was $551,927.53.  Id. at 1.
26     On the day of the Trustee's sale, Plaintiffs filed a
27 complaint against Bank of America in Superior Court in Contra
28 Costa County, which they later amended.  Notice of Removal, Exs.

4

1-2. In their FAC, Plaintiffs stated that they were ready, willing and able to make all of any missing or rejected payments pursuant to the 2009 loan modification agreement and asserted the following causes of action: (1) breach of contract; (2) injunction; and (3) slander of title. FAC ¶¶ 14-22. As relief, Plaintiffs asked for the Trustee's Sale to be set aside and the Trustee's Deed voided, specific performance of the modified mortgage agreement, damages to compensate for loss of rent, punitive damages, attorneys' fees and costs and other appropriate relief. FAC 4-5.[2] At the hearing, Plaintiffs stated that, because the property was a rental property and not their home, they would be willing to accept monetary damages in lieu of the set aside of the Trustee's sale and specific performance of the agreement.

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most

---

[2] Plaintiffs also sought an injunction preventing the "pending foreclosure of the Property." FAC 4. However, because the foreclosure has already taken place, FAC 12, this request is moot.

favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider documents incorporated by reference in the complaint, even if the document is not attached to the complaint, or matters of judicial notice. United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). See also MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) ("On a motion to dismiss, we may take judicial notice of matters of public record outside the pleadings.").

## DISCUSSION

Bank of America moves to dismiss each of the causes of action and Plaintiffs' claims for punitive damages and attorneys' fees, and seeks to have the lis pendens on the property expunged.

I. Breach of Contract

Bank of America moves to dismiss Plaintiffs' first cause of action for breach of contract. To assert a cause of action for breach of contract, a plaintiff must plead: (1) the existence of a contract; (2) the plaintiff's performance or excuse for non-performance; (3) the defendant's breach; and (4) damages to the

plaintiff as a result of the breach. <u>Armstrong Petrol. Corp. v. Tri-Valley Oil & Gas Co.</u>, 116 Cal. App. 4th 1375, 1391 n.6 (2004).

Plaintiffs' complaint alleges that the 2009 loan modification agreement constituted a contract, that Plaintiffs complied with their obligations or were excused from compliance due to Bank of America's refusal to accept their payments, that Bank of America breached the contract by refusing to honor the modification, and that Plaintiffs were harmed because of the loss of their property and rental income, and their inability to obtain another mortgage with similar terms on the market. FAC ¶¶ 4-17. Bank of America argues that no contract was formed or, alternatively, that it was not enforceable against Bank of America.

Bank of America first argues that Plaintiffs did not accept its offer in the manner specified, because they returned the acceptance letter a day late and Rehana A. Khan did not sign the acceptance letter. However, Bank of America was not prejudiced in any way by Plaintiffs returning the acceptance letter eight days, instead of seven days, after the date of the offer letter and the variance from this requirement was <u>de minimis</u>. Further, the offer letter was addressed to only Faiyaz Khan, and it is not clear that both signatures were required. Finally, Defendants have not countered Plaintiffs' argument that Defendants waived any requirement for strict compliance by accepting Plaintiffs' mortgage payments for a year without protesting or providing notice of any inadequacy. <u>See</u> Cal. Civ. Pro. § 2076 (when a tender of payment is made, the recipient "must, at the time, specify any objection he may have to the [tender] or he must be deemed to have waived it"); see also <u>Goffney v. Downey Sav. & Loan</u>

7

Ass'n, 200 Cal. App. 3d 1154, 1166 (1988) (stating that this code section is "intended to enable a debtor to pay his debt without being later confronted with hidden objections which could have been obviated"). Thus, Plaintiffs have plead facts sufficient to find that a complaint was formed.

Bank of America also argues that any contract for a loan modification that was formed is unenforceable against Bank of America. However, the modification contract was not an illusory "agreement to agree;" it contained sufficiently definite terms, with no essential terms omitted or left open for future agreement, and had language suggesting that the parties intended to be bound. Cf. Wilcox v. EMC Mortg. Corp., 2011 U.S. Dist. LEXIS 82128, at *15 n.3 (C.D. Cal.) (finding that a loan modification could have sufficiently definite terms for enforceability when essential terms can be calculated using a formula). Further, by attaching a copy of the agreement letter to the complaint, with Bank of America's electronic signature, Plaintiffs have sufficiently plead that Bank of America signed the contract as required by the statute of frauds. See Cal. Civ. Code § 1633.7(a), (b) (in California, a "signature may not be denied legal effect or enforceability solely because it is in electronic form" and a "contract may not be denied legal effect or enforceability solely because an electronic record was used in its formation"); see also Marks v. Walter G. McCarty Corp., 33 Cal. 2d 814, 820 (1949) (citations omitted) ("The statute of frauds does not demand that the signature of the party to be charged be placed at the end of the writing relied upon if a proper signature be found elsewhere on the instrument. . . Furthermore the signature need not be

8

manually affixed, but may in some cases be printed, stamped or typewritten.").

Because Plaintiffs have sufficiently plead their claim for breach of contract against Bank of America, its motion to dismiss this claim is DENIED.

II. Injunction

Plaintiffs' second cause of action seeks injunctive relief to void the Trustee's Deed and set aside the Trustee's Sale.  As both parties recognize in their filings, "[i]njunctive relief is a remedy, not a cause of action."  Guessous v. Chrome Hearts, LLC, 179 Cal. App. 4th 1177, 1187 (2009) (quoting City of South Pasadena v. Dep't of Transp., 29 Cal. App. 4th 1280, 1293 (1994)).  It is granted as "an equitable remedy for certain torts or wrongful acts of a defendant where a damage remedy is inadequate."  City of South Pasadena, 29 Cal. App. 4th at 1293.  Here, Plaintiffs have conceded that they could be adequately compensated through monetary damages.  Accordingly, Bank of America's motion to dismiss Plaintiffs' second cause of action is GRANTED without leave to amend.

III. Slander of Title

Plaintiffs' third cause of action alleges that Bank of America publicly recorded, or caused to be publicly recorded, notices regarding the foreclosure of the property, with actual knowledge or reckless disregard for the facts that Plaintiffs were not actually in default and that the Notice of Default was void. In their opposition to the Motion to Dismiss, Plaintiffs point only to the publication of "the Trustee's Deed" as being the basis for this claim.  Opp. to Mot. to Dismiss, 10.

9

The elements of a claim for slander of title under California law are (1) publication, (2) falsity, (3) absence of privilege and (4) "'disparagement of another's land which is relied upon by a third party and which results in a pecuniary loss.'" Smith v. Commonwealth Land Title Ins. Co., 177 Cal. App. 3d 625, 630 (1986) (quoting Appel v. Burman, 159 Cal. App. 3d 1209, 1214 (1984)). Because, under California law, the "mailing, publication, and delivery of notices" required as part of the nonjudicial foreclosure process are considered privileged communications, see Cal. Civ. Code § 2924(d)(1), Plaintiffs must also allege that the recording was done with malice, that is, that it "was motivated by hatred or ill will" or "the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights." Kachlon v. Markowitz, 168 Cal. App. 4th 316, 336 (2008) (internal quotations omitted).

Assuming without deciding that Bank of America could be held liable for the recording of the Trustee's Deed by Recontrust Company, the lawful Trustee at the time of this recording, see McFadden v. Deutsche Bank Nat'l Trust Co., 2011 U.S. Dist. LEXIS 91010, at *40 (E.D. Cal.) (holding that only the lawful Trustee or the actor who recorded the Trustee's Deed Upon Sale may be liable for slander of title for this publication), Plaintiffs' claim fails for multiple reasons.

First, contrary to Plaintiffs' arguments, the Notice of Default was not void. Recontrust Company recorded the Notice of Default, the Notice identifies Recontrust Company as "agent for the Beneficiary," see RJN, Ex. B, 2, 3, and state law authorizes

10

agents of the beneficiary to perform this act, Cal. Civ. Code § 2924b(b)(4).

Second, Plaintiffs have not made anything beyond conclusory statements that could support a finding that Bank of America acted with malice. Plaintiffs have not alleged that Bank of America was motivated by ill will or hatred toward them, and have not sufficiently plead that Bank of America lacked reasonable grounds to believe that Plaintiffs were in default. While it may be found that Bank of America breached the contract for the loan modification, the facts conceded by Plaintiffs, including that only Faiyaz Khan signed the acceptance and that it was returned a day late, establish that Bank of America may have had grounds to believe that the contract was unenforceable and that it had the right to foreclose.

Accordingly, Bank of America's motion to dismiss Plaintiffs' claim for slander of title is GRANTED. Because the complaint cannot be amended to cure these defects without contradicting the allegations set forth in the FAC, Plaintiffs are not granted leave to amend this claim. See Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

IV. Punitive Damages

Bank of America seeks to dismiss Plaintiffs' request for punitive damages. California Civil Code § 3294, which governs the right to recover punitive damages, makes these damages available only on an "action for the breach of an obligation not arising from contract." Cal. Civ. Code § 3294(a). Because Plaintiffs' only surviving cause of action is for breach of contract, punitive damages are not available to them. Accordingly, Bank of America's

11

motion to dismiss Plaintiffs' request for punitive damages is GRANTED.

V.  Attorneys' Fees

Bank of America seeks to dismiss Plaintiffs' request for attorneys' fees. Attorneys' fees may be recovered only where provided by statute or contract. Cal. Civ. Proc. Code § 1021; Amtower v. Photon Dynamics, Inc., 158 Cal. App. 4th 1582, 1601 (2008). Bank of America argues that Plaintiffs have not pointed to any "specific term" of a statute or contract that provides for attorneys' fees. However, Plaintiffs allege in their FAC that the promissory note and deed of trust provide for attorneys' fees to be awarded to a prevailing party for an action thereon and that these terms were not modified by the loan modification agreement. Accordingly, Bank of America's motion to dismiss Plaintiffs' request for attorneys' fees is DENIED.

VI. Lis Pendens

Bank of America seeks to have the lis pendens on the property expunged. California Code of Civil Procedure § 405.31 states that "the court shall order the notice expunged if the court finds that the pleading on which the notice is based does not contain a real property claim." A "real property claim" refers to a cause of action "which would, if meritorious, affect title to, or the right to possession of, specific real property." Cal. Code Civ. Pro. § 405.4. Because Plaintiffs' claims which would affect the title to, or right to possession of, the property at issue have been dismissed and Plaintiffs have conceded that they could be adequately compensated through monetary damages for the remaining claim, the lis pendens should be expunged. Accordingly, Bank of

12

America's request for an order expunging the lis pendens is GRANTED.

CONCLUSION

For the foregoing reasons, Bank of America's motion to dismiss is GRANTED IN PART and DENIED IN PART. Plaintiffs' claims for an injunction and slander of title and request for punitive damages are hereby dismissed without leave to amend. Further, the Court orders that the lis pendens on the property be expunged.

A case management conference is scheduled for February 15, 2012 at 2:00 p.m. The parties are referred to court-connected mediation to occur before the case management conference.

IT IS SO ORDERED.

Dated: **10/25/2011**

CLAUDIA WILKEN
United States District Judge

cc: ADR

13